**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**RODERICK J. MCGINNIS,**

**Plaintiff,**

**v.** **Case No. 26-C-1218**

**DR. RICHARD EVANS et al.,**

**Defendants.**

---

## DECISION AND ORDER

---

Plaintiff Roderick McGinnis, who is incarcerated at the Milwaukee County Community Reintegration Center, is representing himself in this 42 U.S.C. §1983 case and has moved to proceed *in forma pauperis*. On August 6, 2026, as required by 28 U.S.C. §1915, the Court ordered McGinnis to pay an initial partial filing fee of $8.40 by September 8, 2026. On August 19, 2026, McGinnis filed a motion to stay the case. He explains that he cannot afford to pay the $8.40 initial partial filing fee. He states that he would like the case put "on hold" until he is released from custody and able to pay the fee.

McGinnis has not shown good cause to warrant indefinitely delaying the resolution of this case. McGinnis chose to bring this action; he is therefore required to pay the filing fee. *See* 28 U.S.C. §1915(b)(1). The Court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal punctuation omitted). The Seventh

Circuit has instructed, "It is not enough that the prisoner lacks assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

According to the trust account statement McGinnis filed in support of his motion to proceed *in forma pauperis*, he received a deposit of $74.13 on May 6, 2026 and a smaller deposit of $5.56 on June 25, 2026. McGinnis made numerous purchases at the commissary, until he had only $0.05 left shortly before he brought this action. While McGinnis may now be without assets (because he spent his money), he was not without means (because he received deposits into his account in the months before he filed his complaint). McGinnis bears the consequence of spending his money rather than saving some of it to pay the initial partial filing fee. Accordingly, the Court will not stay this action. It will, however, extend McGinnis' deadline to pay the $8.40 initial partial filing fee. If he does not pay the fee by the revised deadline or provide further explanation of why he is unable to do so, the Court will deny his motion to proceed *in forma pauperis* and will dismiss this case without prejudice based on his failure to pay the filing fee.

**IT IS THEREFORE ORDERED** that McGinnis' motion to stay the case (Dkt. No. 9) is **DENIED**. McGinnis' deadline to pay the $8.40 initial partial filing fee is **EXTENDED** to **October 8, 2026**.

Dated at Green Bay, Wisconsin this 25th day of August, 2026.

William C. Griesbach
United States District Judge